# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Lakeview Loan Servicing, LLC** | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>56 Holyoke Street, Brewer, ME 04412 |
| **Dale Colford and Lori Diane Colford aka Lori D. Colford** | Mortgage:<br>December 3, 2010<br>Book 12340, Page 203<br>Penobscot County Registry of Deeds |
| **Defendants**<br>**Efficiency Maine Trust**<br>**Party-In-Interest** | |

NOW COMES the Plaintiff, Lakeview Loan Servicing, LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Dale Colford and Lori Diane Colford aka Lori D. Colford, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Lakeview Loan Servicing, LLC, in which the Defendants Dale Colford,  is the obligor (although he has

been discharged in bankruptcy and has no personal liability) and the total amount owed under the terms of the Note is One Hundred Twenty-Nine Thousand Five Hundred Six and 93/100 ($129,506.93) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Lakeview Loan Servicing, LLC is a limited liability company with its principal place of business located at 4425 Ponce De Leon Boulevard, Mailstop MS5/521, Coral Gables, FL 33146.

5. The Defendant, Dale Colford, is a resident of Brewer, County of Penobscot and State of Maine.

6. The Defendant, Lori Diane Colford, is a resident of Brewer, County of Penobscot and State of Maine.

7. The Party-in-Interest, Efficiency Maine Trust, is located at 168 Capitol St, Augusta, ME 04330.

## FACTS

8. On December 3, 2010, by virtue of a Warranty Deed from Jeanne England and Rori Knott, which is recorded in the Penobscot County Registry of Deeds in **Book 12340, Page 201**, the property situated at 56 Holyoke Street, City/Town of Brewer, County of Penobscot, and State of Maine, was conveyed to Dale Colford and Lori D. Colford, being more particularly described by the attached Exhibit A;

9. On December 3, 2010, Defendant, Dale Colford, executed and delivered to Dover Mortgage Company a certain Note under seal in the amount of $126,425.00. Defendant, Dale Colford's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge and the Defendants stating they would surrender the property). *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on December 3, 2010, Defendants, Lori Diane Colford and Dale Colford executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Dover Mortgage Company, securing the property located at 56 Holyoke Street, Brewer, ME 04412 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 12340**, **Page 203**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to JPMorgan Chase Bank National Association by virtue of an Assignment of Mortgage dated February 23, 2018 and recorded in the Penobscot County Registry of Deeds in **Book 14758**, **Page 134**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was further assigned to JPMorgan Chase Bank, National Association by virtue of a Quitclaim Assignment dated March 13, 2018 and recorded in the Penobscot County Registry of Deeds in **Book 14777**, **Page 250**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Lakeview Loan Servicing, LLC by virtue of an Assignment of Mortgage dated September 27, 2018 and recorded in the Penobscot County Registry of Deeds in **Book 14961**, **Page 63**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. On December 28, 2021, the Defendants, Dale Colford and Lori Diane Colford, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certified Mail Tracking Number (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendants, Dale Colford and Lori Diane Colford, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

16. The Defendants, Dale Colford and Lori Diane Colford, failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, Lakeview Loan Servicing, LLC, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, Lakeview Loan Servicing, LLC, is the lawful holder and owner of the Note and Mortgage.

19. The Plaintiff, Lakeview Loan Servicing, LLC, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

20. Efficiency Maine Trust is a Party-in-Interest pursuant to a Mortgage in the amount of $15,000.00 dated December 30, 2011, and recorded in the Penobscot County Registry of Deeds in **Book 12702**, **Page 17** and is in Second position behind Plaintiff's Mortgage.

21. The total debt owed under the Note and Mortgage as of February 11, 2022 is One Hundred Twenty-Nine Thousand Five Hundred Six and 93/100 ($129,506.93) Dollars, which includes:

| description | Amount |
|---|---|
| Principal Balance | $105,158.00 |
| Interest | $11,565.51 |
| Late Fees | $486.78 |
| Escrow Advance | $9,259.64 |
| Attorney Fees & Costs | $2,941.00 |
| Property Inspections | $96.00 |
| Grand Total | $129,506.93 |

22. Upon information and belief, the Defendants, Dale Colford and Lori Diane Colford, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

23. The Plaintiff, Lakeview Loan Servicing, LLC, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 56 Holyoke Street, Brewer, County of Penobscot, and State of Maine. *See* Exhibit A.

25. The Plaintiff, Lakeview Loan Servicing, LLC, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Lakeview Loan Servicing, LLC, has the right to foreclosure and sale upon the subject property.

26. The Plaintiff, Lakeview Loan Servicing, LLC, is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendants, Lori Diane Colford and Dale Colford, are presently in default on said Mortgage and Note, having failed to make the monthly payment due September 1, 2019, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note but neither has personal liability for this debt and both stated in their bankruptcy filing that they would surrender the property.

28. The total debt owed under the Note and Mortgage as of February 11, 2022 is One Hundred Twenty-Nine Thousand Five Hundred Six and 93/100 ($129,506.93) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $105,158.00 |
| Interest | $11,565.51 |
| Late Fees | $486.78 |
| Escrow Advance | $9,259.64 |
| Attorney Fees & Costs | $2,941.00 |
| Property Inspections | $96.00 |
| Grand Total | $129,506.93 |

29. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendants, Lori Diane Colford and Dale Colford's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendants, Lori Diane Colford and Dale Colford's discharge in bankruptcy and,

accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, Lori Diane Colford and Dale Colford, but only seeks *in rem* judgment against the property.

31. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Dale Colford and Lori Diane Colford, on December 28, 2021, evidenced by the Certified Mail Tracking Number *See* Exhibit H.

32. The Defendants, Dale Colford and Lori Diane Colford, are not in the Military as evidenced by the attached Exhibit I.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Lakeview Loan Servicing, LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendants, Lori Diane Colford and Dale Colford's discharge in bankruptcy, and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property;

b) Grant possession to the Plaintiff, Lakeview Loan Servicing, LLC, upon the expiration of the period of redemption;

c) Find that the Defendants, Dale Colford is in breach of the Note by failing to make payment due as of September 1, 2019, and all subsequent payments, however, as affected by Defendant, Dale Colford's discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of the Defendant, Dale Colford, but only seeks *in rem* judgment against the property;

d) Find that the Defendants, Lori Diane Colford and Dale Colford, entered into a contract for a sum certain in exchange for a security interest in the subject property;

e) Find that it was the intent of the Defendants, Lori Diane Colford and Dale Colford, and the original lender, Dover Mortgage Company, on December 3, 2010 to create a mortgage on the property commonly known as and numbered as 56 Holyoke Street, Brewer, ME 04412;

f) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

g) Find that while the Defendants, Lori Diane Colford and Dale Colford, have no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 56 Holyoke Street, Brewer, ME 04412;

h) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Lakeview Loan Servicing, LLC,
By its attorneys,

Dated: March 17, 2022

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com